UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
(HARTFORD DIVISION)

| | |
|---|---|
| In re<br><br>HANDY & HARMAN REFINING GROUP, INC.<br><br>ATTLEBORO REFINING COMPANY, INC.<br><br>          Debtors. | CHAPTER 11<br><br>Case No. 00-20845 (RLK)<br><br>Case No. 00-20846 (RLK)<br><br>(Jointly Administered Under Case No. 00-20845) |
| HANDY & HARMAN REFINING GROUP, INC.<br><br>          Plaintiff,<br><br>v.<br><br>MORGAN GUARANTY TRUST COMPANY OF NEW YORK, ET AL.<br><br>          Defendants. | Adversary Proceeding No: 02-02032<br><br>MAY 29, 2002 |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HANDY & HARMAN

The defendant Handy & Harman, through the undersigned counsel, as and for its answer and affirmative defenses, avers as follows:

1.    The defendant admits that this is an adversary proceeding pursuant to sections 547 and 550 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001(1). The

remaining allegations in this paragraph are denied.

2-8. Admitted.

9. The defendant denies having knowledge and information sufficient to form a belief, and leaves the plaintiff to its proof.

10. The defendant denies having knowledge and information sufficient to form a belief, and leaves the plaintiff to its proof.

11. Admitted.

12. The defendant denies having knowledge and information sufficient to form a belief, and leaves the plaintiff to its proof.

13. The defendant denies having knowledge and information sufficient to form a belief, and leaves the plaintiff to its proof.

14. The defendant denies having knowledge and information sufficient to form a belief, and leaves the plaintiff to its proof.

15-20. The allegations in paragraphs 15 through 20 are not addressed to this defendant.

21. The defendant's responses to paragraphs 1 through 20 are repleaded as its response to paragraph 21, as if more fully set forth herein.

22. Admitted.

23. Denied.

24-32. The allegations in paragraphs 24 through 32 are not addressed to this defendant.

## BY WAY OF AFFIRMATIVE DEFENSE

### FIRST AFFIRMATIVE DEFENSE:

The plaintiff has failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE:

The transfer(s) at issue did not involve property of the debtor.

### THIRD AFFIRMATIVE DEFENSE: (11 U.S.C. § 547(C)(2))

The transfer at issue was for debts incurred in the ordinary course of the debtor, was made in the ordinary course of business of the debtor and the defendant according to ordinary business terms, and is therefore not recoverable by the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE: (11 U.S.C. § 547(C)(1))

The transfer at issue was a contemporaneous exchange for new value in that the transfer was (a) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor, and (b) was in fact a substantially contemporaneous exchange.

**HANDY & HARMAN,**
**DEFENDANT**

By _/s/ William J. O'Sullivan_
William J. O'Sullivan
Federal Bar No. (ct08452)
Baker O'Sullivan & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109-2371
(860) 258-1993
Its Attorneys
