UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | |
| HANDY & HARMAN REFINING GROUP, INC., | : | CASE NO. 00-20845 (RLK) |
| | : | |
| Debtor. | : | |
| | : | |
| HANDY & HARMAN REFINING GROUP, INC., | : | ADV. PROC. NO. 02-2032 (RLK) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MORGAN GUARANTY TRUST COMPANY OF NEW YORK, HANDY & HARMAN, FERRARI S.P.A., PRUDENTIAL SECURITIES CORP. and N.M. ROTHSCHILD & SONS (AUSTRALIA) LIMITED, | : | |
| | : | |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF N.M. ROTHSCHILD & SONS (AUSTRALIA) LIMITED

Now comes N.M. Rothschild & Sons (Australia) Limited ("NMRA") and answers the above-captioned adversary complaint filed by Handy & Harman Refining Group, Inc. (the "Debtor") as follows:

1. The first paragraph is a legal characterization not requiring a response.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted, save insofar as it may prove on discovery that the facts and circumstances involved in this matter would make venue appropriate either in London, U.K. or Zurich, Switzerland.

9. Admitted, save that on information and belief, 558 Clinton Avenue in Bridgeport is not a place at which the Debtor actually conducts a business at this time.

10. Admitted.

11. NMRA does not know, and calls upon the Debtor to prove same if relevant.

12. NMRA does not know and calls upon the Debtor to prove same if relevant.

13. Admitted.

14. Admitted.

15. Admitted.

16. NMRA does not know, except that on or about March 15, 2000, some sixty-five (65) bars of dore, more or less, weighing 81,441.31 ounces and initially estimated to contain 63,308.740 ozs. of silver (the "March 15 Dore") was sent by the Debtor through Brinks from Attleboro to Zurich for refining.

17. Denied.

18. Denied, although it is admitted that the Debtor was insolvent on March 15, 2002.

19. NMRA does not know, except as to the March 15 Dore, as to which it is denied that it was transferred or had anything to do with antecedent debt.

20. Denied.

21. Responses 1 through 21 above are incorporated hereby.

22. NMRA does not know and calls upon the Debtor to prove same if relevant.

23. NMRA does not know and calls upon the Debtor to prove same if relevant.

24. Answers 1 through 20 are incorporated.

25. NMRA does not know and calls upon the Debtor to prove same if relevant.

26. NMRA does not know and calls upon the Debtor to prove same if relevant.

27. Answers 1 through 20 above are incorporated hereby.

28. NMRA does not know and calls upon the Debtor to prove same if relevant.

29. NMRA does not know and calls upon the Debtor to prove same if relevant.

30. NMRA incorporates paragraphs 1 through 20 above.

31. It is denied that the transport of the March 15 Dore to Zurich constituted a transfer.

32. Denied.

BOS_350677_3/JMCGINLEY

Pleading further, NMRA makes the following assertions as a defense, offset and avoidance:

1. On or about the 15th of March, 2000, dore of a gross weight of approximately 81,444.31 ozs. (i.e., the March 15 Dore) was released to Brinks by the Debtor at Attleboro, Massachusetts for shipment to PAMP in Zurich, Switzerland.

2. At the time PAMP, Zurich, was in the business of refining dore into its constituents elements, in this case principally silver, it being understood that the March 15 Dore also contained some gold, as well as palladium and platinum.

3. On 15th of March, 2000, and in accordance with industry custom, because the March 15 Dore was being sent to PAMP at Zurich under the aegis of NMRA, NMRA immediately credited the Debtor's silver account with J. P. Morgan in London the amount of 63,308.74 ozs. of silver (said amount being the estimated silver content of the 81,441.31 ozs. of dore being shipped to Switzerland for refining).

4. The total refined metal eventually recovered exceeded the putative 63,308.74 ozs. of silver originally estimated.

5. On or about June 29, 2000 NMRA delivered to Fleet National Bank or an affiliate, at the direction of the Debtor, 2,985.134 oz. of additional silver (after posting adjustments for open transactions between NMRA and the Debtor) that the March 15 Dore yielded at PAMP. NMRA also credited the Debtor's J.P. Morgan account for all gold, palladium and platinum refined from the March 15 Dore at PAMP, and credited by PAMP to NMRA.

6. NMRA paid PAMP, for its charges of $35,676.25, which the Debtor was obligated to reimburse to NMRA. NMRA's proof of claim for these charges is in

-4-

litigation between the Debtor and NMRA, in a contested matter before this Court.

The foregoing facts demonstrate that, no "transfer" occurred within the meaning of Bankruptcy Code §547 and 101(a)(54), and that there was a substantially contemporaneous exchange of value, and/or subsequent new value given, within Bankruptcy Code §547(c)(1) and (4) were there such a "transfer".

WHEREFORE, NMRA prays that all claims for relief as to NMRA be denied, and that, to the extent jurisdiction may properly be asserted over same in the within adversary proceeding, that its claim for costs incurred with PAMP, Zurich, in the amount of $35,676.25 be ordered allowed as a general unsecured claim in the within bankruptcy proceedings.

William E. Murray (ct19747)
Edwards & Angell, LLP
90 State House Square
Hartford, Connecticut 06103-3702
Telephone No.: (860) 525-5065


Of Counsel:

James D. McGinley
Edwards & Angell, LLP
101 Federal Street
Boston, Massachusetts 02110
Telephone No.: (617) 951-2219
Facsimile No.: (617) 439-4170
jmcginley@ealaw.com

## CERTIFICATION OF SERVICE

This is to certify that on May 31, 2002, a copy of the foregoing has been mailed via first class U.S. mail, postage prepaid to:

Stephen M. Kindseth, Esq.
Nicole L. Inman, Esq.
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT 06605

William E. Murray