UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HANDY & HARMAN REFINING GROUP, INC., | : | Chapter 11 |
| Debtor. | : | Case No. 00-20845 (RLK) |
| HANDY & HARMAN REFINING GROUP, INC., | : | Adv. Proc. 02-2032 |
| Plaintiff, | : | |
| VS. | : | |
| MORGAN GUARANTY TRUST COMPANY OF NEW YORK, et al. | : | |
| Defendants. | : | |

## DEFENDANT MORGAN GUARANTY TRUST COMPANY OF NEW YORK'S ANSWER

The defendant JPMorgan Chase Bank, successor to Morgan Guaranty Trust Company of New York ("Morgan"), by and through its attorneys for its answer, responds as follows:

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions for which no response is required, except that Morgan does admit that Plaintiff is seeking the relief alleged in paragraph 1, but denies that Plaintiff is entitled to any of the relief sought.

2. Morgan admits the allegations contained in paragraph 2 of the Complaint.

STAM1-715231-1

3. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions for which no response is required.

7. The allegations contained in paragraph 7 of the Complaint are legal conclusions for which no response is required.

8. The allegations contained in paragraph 8 of the Complaint are legal conclusions for which no response is required.

9. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Morgan denies each and every allegation contained in paragraph 10 of the Complaint, except that Morgan is a corporation existing under the laws of New York.

11. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Morgan denies each and every allegation contained in paragraph 16 of the Complaint, except that Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations with respect to the alleged transfer of 250,000.000 ounces of silver on March 15, 2000, and Morgan admits that a credit of 100,000.000 ounces of silver was applied to the Debtor's account at Morgan on March 9, 2000, and Morgan admits that credits of 20,000.000 ounces of silver and 63,308.740 ounces of silver were applied to Debtor's account at Morgan on March 15, 2000.

17. Morgan denies each and every allegation contained in paragraph 17 of the Complaint.

18. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19. Morgan denies each and every allegation contained in paragraph 19 of the Complaint.

20. Morgan denies each and every allegation contained in paragraph 20 of the Complaint.

21. Morgan repeats and realleges its responses to paragraphs 1 through 20 above as its response to paragraph 21 of the Complaint.

22. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23. Morgan denies each and every allegation contained in paragraph 23 of the Complaint.

24. Morgan repeats and realleges its responses to paragraphs 1 through 20 above as its response to paragraph 24 of the Complaint.

25. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26. Morgan denies each and every allegation contained in paragraph 26 of the Complaint.

27. Morgan repeats and realleges its responses to paragraphs 1 through 20 above as its response to paragraph 27 of the Complaint.

28. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29. Morgan denies each and every allegation contained in paragraph 29 of the Complaint.

30. Morgan repeats and realleges its responses to paragraphs 1 through 20 above as its response to paragraph 30 of the Complaint.

31. Morgan denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32. Morgan denies each and every allegation contained in paragraph 32 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

33. Plaintiff's claims against Morgan are barred, in whole or in part, by 11 U.S.C. § 547(c)(2).

## SECOND AFFIRMATIVE DEFENSE

34. Plaintiff's claims against Morgan are barred, in whole or in part, by 11 U.S.C. § 547(c)(4).

## THIRD AFFIRMATIVE DEFENSE

35. Plaintiff's claims against Morgan are barred, in whole or in part, by 11 U.S.C. § 546(e).

## FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims against Morgan are barred, in whole or in part, by 11 U.S.C. § 546(g).

## FIFTH AFFIRMATIVE DEFENSE

37. Morgan was acting as a conduit for third parties with respect to all or a portion of the transfers alleged. Therefore, Morgan was not an "initial transferee" or "entity for whose benefit such transfer(s) [were] made." Accordingly, Plaintiff is not entitled to recover from Morgan.

## SIXTH AFFIRMATIVE DEFENSE

38. Plaintiff's Complaint fails to state a claim against Morgan upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

39. Morgan hereby asserts any affirmative defenses which have been or will be asserted by any co-defendants to the extent applicable.

MORGAN GUARANTY TRUST
COMPANY OF NEW YORK

By _____
Joseph L. Clasen (CT04090)
Christopher J. Major (CT23461)
Robinson & Cole LLP
695 East Main Street
Stamford, CT 06904-2305
Tel. No.: (203) 462-7500
Fax No.: (203) 462-7599
E-mail: jclasen@rc.com

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, to the following parties on this 27th day of June, 2002:

Office of the U.S. Trustee
One Century Tower
265 Church Street, Suite 1103
New Haven, CT 06510

Stephen M. Kindseth,
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, Connecticut 06605

William J. O'Sullivan
Raymond C. Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109-2371

_____
Christopher J. Major

STAM1-715231-1